**Silvi PURNAMAWATI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72010.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Oct. 27, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice Kay Redfern, Esquire, Scott Rempell, Esquire, U.S. Department of Justice, Washington, D.C., WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: RYMER and KLEINFELD, Circuit Judges, and HURLEY,** Judge.

MEMORANDUM ***

Silvi Purnamawati petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying her application for asylum, withholding of removal,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and relief under the Convention Against Torture (CAT). We dismiss her petition to the extent it rests on asylum, and deny it to the extent it pertains to withholding of removal and CAT protection.

■ Purnamawati argues that she suffered past persecution, and that the IJ erred in failing to find that she established an individualized well-founded fear of future persecution. However, she does not challenge the IJ's determination (affirmed by the BIA) that her asylum application is time-barred. For this reason, we cannot reach the merits of her petition. 8 U.S.C. § 1158(a)(2)(B).

Although Purnamawati also asks us to overturn the BIA's decision with respect to withholding of removal and CAT, she offers no specific and distinct argument with respect to either. Accordingly, we decline to consider these claims. *See Laboa v. Calderon,* 224 F.3d 972, 981 n. 6 (9th Cir. 2000) (noting that "we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").[1]

DISMISSED IN PART; DENIED IN PART.

---

1. Purnamawati's asylum-based arguments are unavailing for withholding of removal and CAT relief, as the standards for each are different. To qualify for withholding, an alien must show that it is "more likely than not" that, if removed, her life or freedom would be threatened on account of a protected ground. *Fedunyak v. Gonzales,* 477 F.3d 1126, 1130 (9th Cir.2007). Likewise, to qualify for CAT relief the applicant must show that it is more likely than not that she would be tortured. 8 C.F.R. § 1208.17(a). Purnamawati cites no evidence in the record that would compel a conclusion contrary to the IJ's, that she failed to meet her burden of proof.

